# NO. 12-11-00356-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEMARCUS ANDRE WADE,*<br>*APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Demarcus Andre Wade appeals his conviction for aggravated robbery. After finding him guilty, the jury assessed punishment at thirty years of imprisonment. In his sole issue, Appellant contends the trial court erroneously admitted hearsay testimony. We affirm.

### BACKGROUND

As he walked to his residence hall on the campus of Stephen F. Austin University one night, Manuel Villanueva was approached by two men in a gold car. The passenger got out of the car and robbed Villanueva at gunpoint. Villanueva's debit card was used at a gas station that night. Video from the gas station led investigators to the vehicle used in the robbery. Britney Thorn, the owner of the vehicle, identified Appellant as the passenger riding in the vehicle on the night of the robbery. Appellant entered a not guilty plea. However, the jury found him guilty and assessed a thirty year sentence.

## ADMISSIBILITY OF EVIDENCE

In his sole issue, Appellant contends the trial court erred in admitting impermissible hearsay testimony of the investigating officers. He complains that, in response to questions by the prosecutor, Officer Michael Gray explained what Villanueva told the officer about how the incident happened, and he repeated Villanueva's descriptions of the car and the suspects. Appellant also complains that Detective Amanda Kennedy testified that Britney Thorn identified the driver of her vehicle and told her that Appellant was with that individual on the night of the robbery. The trial court overruled Appellant's objections and instructed the jury that the evidence was not admitted to prove the truth of the testimony, but admitted only for the limited purpose of showing the course of actions of the investigators.

We review a court's ruling on the admissibility of evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We will not reverse such a ruling so long as it falls within the zone of reasonable disagreement. *Id*. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). If the state elicits testimony to explain how a defendant originally became a suspect, then the testimony is not hearsay because it is not presented for the truth of the matter asserted. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995).

Here, Officer Gray and Detective Kennedy testified as to their actions in the course of the investigation into the robbery of Villanueva. After learning what happened, hearing the descriptions of the suspects and their vehicle, and learning the identity of the people using the vehicle at the time of the robbery, law enforcement suspected that Appellant was involved in the robbery. Thus, the officers' testimony explained how Appellant became a suspect and was not hearsay. *See id*. The trial court did not abuse its discretion in admitting the complained-of testimony. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

2

**S**AM **G**RIFFITH
Justice

Opinion delivered March 13, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 13, 2013**

**NO. 12-11-00356-CR**

**DEMARCUS ANDRE WADE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 420th Judicial District Court

of Nacogdoches County, Texas. (Tr.Ct.No. F118168)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4